BOEHM, Justice,
concurring.
I agree with the majority that Indiana’s Worker’s Compensation Act is silent on the question of interest for past due compensation benefits and healthcare bills, and that any authorization for interest should come from the General Assembly. I write separately to suggest that the Act already addresses the issue of late payments, and to set out what I see as the practical consequences of our decision.
The Act creates a healthcare market that differs from the private healthcare market in several respects. Under the Act, healthcare providers are not permitted to collect payments from the employee, his estate, or family members, but instead must claim against the employer and the employer’s insurance carrier before the Worker’s Compensation Board. Ind.Code §§ 22-3-3-5-5.1 (2004). Healthcare charges are subject to the approval of the Worker’s Compensation Board, id. § 22-3-4-12, and charges over a certain threshold may be reduced. Id. § 22-3-3-5.2. The Act thus establishes a collection system different from that available to healthcare providers outside the worker’s compensation system. This system does not explicitly allow for interest on late payments. It does, however, provide a mechanism to address the problem of carriers “dragging their feet” in settlement and payment of claims. Section 22-3-4-12.1 permits the Board to award a claimant between $500 and $20,000 if the employer, or the employer’s administrator or insurance carrier, acts with a lack of diligence or bad faith in adjusting or settling a claim. The sentence in section 22-3-4-12 subjecting healthcare charges to the Board’s approval expressly refers to this bad faith section, so the remedy is available to providers as well as workers.
As a practical matter, a legal rule that interest on providers’ bills is not to be awarded by the Board merely sets the background against which providers are *652 free to agree or refuse to agree to treat workers. As the majority notes, nothing prevented Dr. Brown from negotiating with the worker’s employer or its insurer to require interest on late payments, assuming the Board would approve such a voluntary undertaking. If competitive pressures in the marketplace will not allow him to achieve that by agreement, the overall costs of workers’ compensation will be a little lower, and if he can demand a contractual right to interest, the employer’s costs will be increased. Having no legal right to an award of interest from the Board leaves that issue to the marketplace. On the other hand, if interest is to be required as a matter of law, then that cost will be built into the insurers’ premiums, or borne by employers who self-insure. Either way, it seems to have little impact on the worker who gets the service. I therefore join in the majority’s opinion, which leaves this issue to the General Assembly if change is required.